## Jones & Adams Company v. Thomas George.

1. FELLOW-SERVANTS—*how question as to who are, determined.* The question whether the relation of fellow-servants exists is always one for the jury unless the facts admitted or proved beyond dispute show the existence of the relation.

2. ASSUMED RISK—*how question of, is determined.* Whether or not a servant had assumed a risk which resulted in his injury, is a question of fact for the jury.

3. CONTRIBUTORY NEGLIGENCE—*how question of, determined.* The question as to whether the plaintiff was guilty of contributory negligence, is one of fact to be determined by the jury.

Action on the case for personal injuries.   Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding.   Heard in this court at the May term, 1905.   Affirmed.   Opinion filed March 20, 1906.

H. M. STEELY, for appellant.

CHARLES TAYLOR and S. M. CLARK, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Thomas George brought suit against the appellant company, for injuries alleged to have been sustained by him while he was in appellant's employment as a car-driver in a coal mine.   A verdict was returned for $5,000.   Appellee entered a *remittitur* for $1,500 and thereupon the court rendered judgment for $3,500, from which appellant has prosecuted an appeal to this court.

Appellee at the time of the alleged injury was driving a mule, hauling coal cars along a mine entry of appellant, when the coal, which was piled above the top of the car, struck some timbers in the roof of the entry which resulted in appellee's being caught between the front end of the forward car and some timbers, from which he suffered injury, alleged to be permanent.

It seems from the evidence that the entry in which appellee was working was what is known as a low entry, being about four feet and six or eight inches from the top of the rail (on which the cars ran) to the bottom of the timbers in the roof. At the time of the injury two different sized cars were in use, varying in height about three or four inches and weighing about 2,200 pounds each; the highest cars being about three feet and six inches high from the top of the rail to the top of the car, which would leave only about one foot of space between the top of the car and the timbers in the roof. These cars were filled by the miners and it was then the duty of appellee to drive them through or along the entry to the mouth thereof. At the time of the injury some of the timbers in this entry, supporting the roof, had sagged in the middle (some of the witnesses put the sag at two or three inches, while Layton says the roof at that place was four or five inches lower), and while appellee was taking out three loaded cars, and riding on a seat hooked on the front end of the forward car, the coal in the front car, because of its height above the top of the car, caught against these sagged timbers in the roof of the entry, and the car was jerked or thrown in such a way that appellee was caught between the car and timbers, and injured. The negligence alleged consisted in allowing these timbers to become sagged down and remain in a dangerous and unsafe condition.

Appellant first contends that it was error for the court to allow appellee to testify that he had been put to expense for nursing, which nursing was done by members of his family, and also to testify that he had a wife and three children. The admission of this evidence was error, but was such error that it could be cured by a *remittitur*. The ex-

pense alleged for nursing was less than $20, and so trifling that the effect of admitting such evidence, as well as that of the appellee having a family, was wholly and amply overcome by the *remittitur* of $1,500.

Appellant also contends that the coal miners who loaded the coal too high upon the cars, were the fellow servants of appellee and therefore he could not recover.

"The question whether the relation of fellow servants exists is always one for the jury, unless the facts admitted or proved beyond dispute show the existence of the relation." Hartley v. C. & A. R. R. Co., 197 Ill., 440. In this case the court cannot say from the evidence that these servants were so directly co-operating with each other in a particular business, or that they were in such habitual association that they could exercise a mutual influence, one upon the other.

The question of relationship then was one of fact for the jury, under the definition of the term as given by the court. The rule on this subject was fully and fairly stated to the jury by the appellant's eighth, ninth and tenth instructions.

It is also contended by appellant that the risk involved was one which appellee assumed; and also that appellee was guilty of negligence which contributed to the injury.

Whether or not appellee assumed the risk was also a question of fact for the jury. In determining whether or not appellee was in any way chargeable with knowledge of the defective condition of the roof, the jury had the right to take into account the uncertain light in use, the exacting character and nature of the work appellee was doing, and from all the surrounding circumstances determine whether, in passing back and forth, appellee had time to and did take into account the condition of the roof timbers, or whether his time and attention were given to his mule and cars and to the track ahead of him. If the care which his work demanded did take all his attention, then he was not in a position to notice the condition of the roof timbers and their exact position.

The question of contributory negligence on the part of appellee was also one for the determination of the jury.

He was riding upon the car in a manner and upon a seat which the company had provided, in a very low entry having broken or sagged roof timbers, using cars of two different sizes and loaded with coal too high, by men that the jury had the right to say were not his fellow servants.

These two matters were fully and fairly left to the jury upon the evidence under the instructions, and their conclusions are not against the manifest weight of the evidence.

There was no error in admitting testimony to show that the labor which appellee did after the injury was reasonably worth only $1.16 per day, instead of $2.23 which he was then receiving from appellant.

The evidence warranted the conclusion that he was unable to do heavy work or to assume the burdens of his former station as driver, and under such circumstances it was proper to show what his services were reasonably worth, *i. e.* what he could reasonably expect to earn, although appellant was paying him more for that work than others got for like services.

Appellant's criticism of appellee's fifth instruction that it omitted to state that plaintiff could not recover if he had equal opportunity with the employer for knowing of the alleged defect, would have some force if appellant's seventh instruction as given, had not fully covered that point; as it did, however, appellant cannot complain.

The criticism of appellee's second instruction is without any force, as that instruction merely defines what would be due care upon the part of appellee, and does not direct a verdict.

The instructions as a series seem to have stated the law governing the case fully and fairly for appellant and we do not think it has any reason to complain upon that score.

There are other errors alleged which we do not discuss, as we believe them to be without merit, and discussion thereof would prolong this opinion to undue proportions.

There was evidence in the case tending to show that appellee was permanently injured and upon a review of the whole evidence we think that the damages, $3,500, are not excessive, and the judgment is affirmed.

*Affirmed.*